## DETERMINED IN THE

# THIRD DEPARTMENT,

### AT

# GENERAL TERM,

## May, 1884.

---

ALONZO GREENE, Respondent, v. JOHN I. HALLENBECK
AND PRENTISS W. HALLENBECK, Appellants.

*Judgment—when a promise not to enforce it, will not prevent the plaintiff from suing
upon it — false statements — when not a ground for preventing the enforcement of a
judgment.*

An action brought upon a judgment, recovered against the defendants in a Justice's
Court, was defended upon the ground, among others, that the defendants allowed
it to be recovered upon the faith of the plaintiff's promise that they should not
be held liable thereon. It appeared that the summons was personally served
upon the defendants; that a complaint and answer were filed, and that the
defendants were personally present in the court when the plaintiff's witnesses
were examined.

*Held,* that the plaintiff's previous promise that the judgment should not be used
against the defendants was no defense to its enforcement.

The defendants claimed that at the time of the recovery of the judgment they were
told by the plaintiff, that they the defendants,were secured from all loss by a bond
of indemnity given in another action, and a judgment confessed in their favor
by other persons.

*Held,* that as the plaintiff was not acting as the counsel or adviser of the defendants
in the action, and as the defendants were as well aware of the contents of the
bond of indemnity and judgment as was the plaintiff, there was no false state-
ment on the part of the plaintiff which prevented him from enforcing his
judgment.

APPEAL from a judgment in favor of the plaintiff, entered upon
a verdict directed at the circuit.

*Griswold & Crowell*, for the appellants.

*James B. Olney*, for the respondent.

By THE COURT:

This is an action on a justice's judgment. The court before which it was tried directed a verdict for the plaintiff, and the defendants appeal. The defense is substantially that the judgment was recovered by means of fraudulent representations which induced the defendants to permit the judgment to be recovered against them; and further that it was recovered upon a promise by the plaintiff that they should not be liable thereon.

We do not think it necessary to go through a statement of the litigations between other parties which indirectly led to this judgment, because the question must turn upon what took place between these parties in reference to the judgment in suit. Now these facts are clear. The summons was personally served. A complaint and an answer were filed. The defendants were actually present before the justice. The plaintiff and two others were sworn as witnesses. All three of them were lawyers. There were no witnesses for the defendants. And the defendants do not claim that they did not fully understand that the plaintiff was recovering a judgment against them. The judgment therefore was exactly what the defendants consented, according to their own testimony, that the plaintiff should have against them. We assume now that they could show (as we think the fact very possibly was) that the plaintiff in fact had no legal claim against them had they chosen to defend against the action. But they did not defend. Indeed, they evidently consented.

Now we think that, under these circumstances, it was properly held by the court below that the plaintiff's previous promise that the judgment should not be used against them was no defense.

Next, as to the other alleged statements made by the plaintiff to induce the defendants to permit this judgment to be taken. When this case was here before (31 Sup. Ct., N. Y., 116), nothing was before us but the answer, no proof having been given. And it will be seen that we thought that the answer averred that the defendants having a good defense were, by fraudulent representations of the plaintiff, induced to omit to make and present it to the court.

Now it will be seen by the facts on this trial that there was really

no omission to make a defense; that the defendants went to Coxsackie where the judgment was taken, at plaintiff's request, and for the purpose of having the judgment recovered. They evidently knew, according to their own testimony, that it was only by their own consent that a judgment could be recovered against them. Then, as they say, the plaintiff said to them that they "were secured with that bond, that judgment," referring to an indemnity given them by one Edwards against an appeal bond which they had given, and to a judgment by confession given by Perry for whom they had signed the appeal bond.

It further appears by their testimony that the plaintiff stated that he wanted this judgment against them to enable him to reach certain surplus moneys upon a foreclosure.

Thus it will be seen that on the trial it appeared that the defendants were not strictly induced to omit a defense which they might have made. They were, according to their statement, induced to consent to this judgment by the plaintiff's representations that they were protected against it by the above mentioned indemnity by Edwards and judgment against Perry.

Now the learned court held that in this transaction the plaintiff was not the counsel or adviser of the defendants, and that he therefore stood to them in no confidential relation. The court further held that as to the Edwards indemnity and the Perry judgment the defendants were parties to these transactions, and therefore knew what they were as well as the plaintiff. That there was therefore no false statement of facts by which the defendants were defrauded.

These views of the learned court seem to us to be sound and they dispose of this case. The questions are very properly presented in varying forms by the defendants' counsel. But they all come to this one question: was there evidence which should have gone to the jury.

We have examined the case carefully. We are impressed quite strongly with the defendants' testimony. Many things tend to support it and make it seem true. But we are satisfied that upon principle there is not such a case made as constitutes a defense.

Judgment affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.